UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES JORDAN § | | |
| Bastrop County Jail #56602 § | | |
| § | | |
| V. § | | A-22-CV-243-LY |
| § | | |
| UNIVERSITY OF TEXAS, et al. § | | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Charles Jordan's complaint. Jordan, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

## I. STATEMENT OF THE CASE

At the time he filed his complaint, Jordan was confined in the Bastrop County Jail. Jordan alleges in the spring of 2015 he was arrested for failure to identify at the University of Texas food court around midnight. Jordan asserts he is barred from trespassing at the University of Texas for life. He believes his arrest and the failure-to-identify law violate his constitutional rights.

In the fall of 2015, despite the no trespassing order, Jordan was in a friend's dorm room while his friend was in class. A cleaning lady allegedly spotted him and his service dog and reported him to management. According to Jordan, the manager told him no dogs were allowed.

1

Jordan allegedly explained to the manager the dog was a service dog and Jordan could not consent to a search of his friend's dorm room. Police subsequently arrested Jordan for trespassing.

Jordan sues the University of Texas at Austin, the State of Texas, ten unknown officers, and the UT dorm manager. He requests the Court to change the failure-to-identify law, lift the no trespassing order, and award punitive damages.

## II. DISCUSSION

### A. Screening

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d

145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555-56.

### B. Sovereign Immunity

Insofar as Jordan attempts to sue the State of Texas for constitutional violations under 42 U.S.C. § 1983, his claims are barred by sovereign immunity. Sovereign immunity bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states are not "persons" subject to suit under § 1983).

### C. *Heck*-Barred

Jordan's claims challenging his alleged convictions must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. A claim that falls under the rule announced in *Heck* is legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

In this case Jordan does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Jordan's recitation of the procedural history in this case indicates just the opposite. Accordingly, Jordan's complaint is frivolous and barred by *Heck*.

### D. Statute of Limitations

To the extent Jordan's claims are not barred by *Heck*, they are time-barred. There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991), *cert. denied*, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under §1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516.

Jordan asserts he was arrested in the spring and fall of 2015. However, he did not execute his complaint until March 2, 2022, long after the expiration of the limitations period.

### III. CONCLUSION

Jordan's claims against the State of Texas are barred by sovereign immunity. His claims challenging convictions resulting from his arrests in 2015 at the University of Texas are barred by *Heck*, and his remaining claims are barred by the applicable statute of limitations.

## IV. RECOMMENDATION

It is therefore recommended that Jordan's claims against the State of Texas be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Jordan's claims challenging his convictions be **DISMISSED WITHOUT PREJUDICE** to refile once the conditions of *Heck* are met, and Jordan's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e), as they are time-barred.

It is further recommended that Jordan be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en*

*banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

    **SIGNED** this 27th day of April 2022.

                                          DUSTIN M. HOWELL
                                          UNITED STATES MAGISTRATE JUDGE